JUDGE NATHAN

UNITED STATES DISTRICT COURT **13 CIV 8733**
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

BRYAN JONES

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MELVIN MEJIA (SHIELD #10299), individually and as
Police Officer, and POLICE OFFICER WILLIE ARTILES
(SHIELD # 00774), individually and as POLICE OFFICER, and
DECTIVE RICHARD ALVAREZ (SHIELD # 01415), individually
and as Police Officer, and DETECTIVE VICTOR CARUSI
(SHIELD # 07394), individually and as Police Officer, and
John Does 1 through 5, individually and in their official capacities
(the name John Doe being fictitious, as the true names are presently
unknown),

Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiff's

    rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth

    and Fourteenth Amendments to the United States Constitution, Article 1 of the New

    York Constitution, and New York common law.

3.  Jurisdiction of this Court is predicated upon 28 U.S.C. §1331, 1343 and 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

5.  This Court has supplemental jurisdiction over the New York State claims pursuant to

    28 U.S.C. §1367.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff BRYAN JONES is a resident of Queens County in the City of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

9. The City of New York operates the NYPD, a department or agency of defendant City of New York, responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer Melvin Mejia, was employed by the City of New York, and/ or "NYPD" and assigned shield # 10299. Defendant Mejia is sued in his individual and official capacities.

11. Police Officer Mejia was acting under color of state law and in his capacity as City law enforcement officer at all relevant times. Officer Mejia is liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

12. Defendant Police Officer / Detective Willie Artiles, was employed by the City of New York, and/ or "NYPD" and assigned shield # 00774. Defendant Artiles is sued in his individual and official capacities.

13. Detective Artiles was acting under color of state law and in his capacity as City law enforcement officer at all relevant times. Detective Artiles is liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

2

14. Defendant Police Officer / Detective Richard Alvarez, was employed by the City of New York, and/ or "NYPD" and assigned shield # 01415. Defendant Alvarez is sued in his individual and official capacities.

15. Detective Alvarez was acting under color of state law and in his capacity as City law enforcement officer at all relevant times. Detective Alvarez is liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

16. Defendant Police Officer / Detective Victor Carusi, was employed by the City of New York, and/ or "NYPD" and assigned shield # 07394. Defendant Carusi is sued in his individual and official capacities.

17. Detective Carusi was acting under color of state law and in his capacity as City law enforcement officer at all relevant times. Detective Carusi is liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

18. At all times relevant, defendants JOHN DOES 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN DOES 1 through 5. Defendants JOHN DOES 1 through 5 are sued in their individual and official capacities.

19. Defendants JOHN DOES 1 through 5 were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. They are liable for directly participating in unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.

**STATEMENT OF FACTS**

20. At approximately 5:25 pm, on February 19th, 2012, plaintiff was lawfully a pedestrian on the sidewalk outside of 971 Amsterdam Avenue in Manhattan, in the City of New York.

21. Plaintiff was taking a walk with his brother and several friends down Amsterdam Avenue, near 108th Street in Manhattan.

22. Plaintiff was arrested and charged with PL120.05(3), one count of Assault in the Second Degree.

23. Plaintiff was handcuffed with excessive physical force causing plaintiff physical injuries. Plaintiff was tackled to the ground, by multiple officers, both in plain clothes and uniform.

24. Plaintiff was punched multiple times in the back of the head and kicked multiple times by defendants while plaintiff was handcuffed on the ground. Defendants cut off circulation to plaintiff's arm causing pain and injury.

25. Plaintiff was dragged on the ground while handcuffed, and lifted into a police van.

26. While plaintiff was in the police van, defendants searched inside plaintiff's pockets, clothes and searched inside his clothes between his butt cheeks.

27. Plaintiff was taken to the 24th Precinct in New York City by police van.

28. At the 24th precinct, plaintiff was placed in a cell and strip searched.

29. Plaintiff was cuffed inside the cell.

30. Plaintiff was threatened by defendants while being held at the 24th precinct.

31. Plaintiff was assaulted by defendants before the strip search. Defendants struck plaintiff in the ribs.

32. Plaintiff was transferred to the Tombs in lower Manhattan early the next morning.

33. Plaintiff was arraigned at New York County Criminal Court the next day on one charge of assault.

4

34. During plaintiff's arraignment, the Judge set bail at $15,000 cash, no bond. Plaintiff was unable to post bail and he was remanded to Central Booking.

35. The grand jury convened to hear evidence regarding plaintiff's case on February 23, 2012. Plaintiff did not testify before the grand jury.

36. On February 24, 2012, the District Attorney advised counsel for plaintiff that the Sixth Grand Jury for the Second Term voted to dismiss the criminal charge against plaintiff.

37. Plaintiff was released from the Tombs four days later because plaintiff has an outstanding community service warrant in Queens County from a prior case in 2009.

38. Upon plaintiff's release, plaintiff met with his assigned parole officer, from a previous case. Plaintiff's parole officer advised plaintiff that everything was in order.

39. When plaintiff met with his assigned parole office a week later in March 2012, the parole officer advised plaintiff that the parole officer spoke with defendant police officers, who described additional charges not in the criminal complaint. Based on the additional charges, the parole officer issued a parole violation.

40. Plaintiff served one year of jail time from March 2012 through March 2013 for parole violation. Plaintiff served five months at Rikers Island, two months at Willard, and the remaining time at Groveland Correctional Facility near Buffalo, New York.

41. Plaintiff was deprived his liberty, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income. Plaintiff suffered physical harm and injuries.

## FIRST CLAIM
### False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44. Plaintiff was aware of his confinement and did consent to it.

45. The confinement was not otherwise privileged.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## SECOND CLAIM
### Unlawful Stop and Search

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## THIRD CLAIM
### Malicious Prosecution

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants, acting under color of state law, are liable to plaintiff under 42 U.S.C. 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution.

52. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution.

53. The prosecution was resolved in the plaintiff's favor.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained and will continue to suffer the damages alleged, including physical, mental and emotional

injury, pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

57. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with various crimes. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

58. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

59. All charges were dismissed in plaintiff's favor.

60. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## FIFTH CLAIM
### Unreasonable Force

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

7

## SIXTH CLAIM
### Failure to Intervene

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct. Defendants had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. The defendants violated the Fourth and Fourteenth Amendments because they failed to intervene.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged.

## SEVENTH CLAIM
### 1983 "MONELL" Claim

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The City, through policies, practices and customs directly caused the constitutional violations suffered by plaintiff.

71. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

72. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

8

73. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

74. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

75. These policies, practices, and customs were the moving force causing plaintiff's damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees pursuant to 28 U.S.C. §1988 ;

d. Such other and further relief as the Court may deem just and proper.

Dated: December 6, 2013
       New York, New York

                                        SPODEK LAW GROUP P.C.
                                        Attorneys for Plaintiff


                                        Todd A. Spodek, Esq.


                                        100 Church Street, 8th Floor
                                        New York, NY 10007
                                        (212) 300-5196